CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307
E-Mail: honolulaw808@gmail.com

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695
E-mail: honolululawyer@outlook.com

Attorneys for Plaintiff
Antoinette Carvalho

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANTOINETTE CARVALHO, | CIVIL NO. _____ |
| Plaintiff, | COMPLAINT; JURY DEMAND; SUMMONS |
| vs. | |
| EXTRA SPACE STORAGE, INC., | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff ANTOINETTE CARVALHO, by and through her attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendant, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff ANTOINETTE CARVALHO (hereinafter "CARVALHO") is and was at all times mentioned herein a resident of Wailuku, Hawaii on the island of Maui.

2. Defendant EXTRA SPACE STORAGE, INC., (hereinafter "EXTRA SPACE") is a foreign profit corporation incorporated in Maryland with a principal place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant EXTRA SPACE on June 26, 2007, as the Manager of Defendant EXTRA SPACE facility in Maui, Hawaii.

4. On June 18, 2018, Plaintiff was terminated from her position with Defendant EXTRA SPACE due to age discrimination. Plaintiff was 56 years old at the time of her termination.

## JURISDICTION

5. The jurisdiction of this Court is pursuant to the Age Discrimination in Employment Act of 1967 (ADEA).

6. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment

Opportunity Commission ("EEOC") on February 26, 2021, which was received on or after February 27, 2021.

## STATEMENT OF FACTS

7. Plaintiff was hired by Defendant EXTRA SPACE on June 26, 2007, as a manager of a storage facility on Maui, Hawaii.

8. On June 18, 2020, Plaintiff was terminated from her position with Defendant EXTRA SPACE.

9. On June 18, 2020, Plaintiff was falsely accused of forging a customer's signature, and terminated from employment with Defendant EXTRA SPACE by District Manager Kathleen Stapleton (Stapleton).

10. Plaintiff worked under five prior District Managers and never had any conflicts, write-ups, warnings, or disciplinary actions in the thirteen years of employment prior to Stapleton becoming District Manager.

11. Stapleton, 35 years old, became the new District Manager for Defendant in January 2016. Stapleton began hiring younger employees.

12. In early June 2020, Stapleton asked Plaintiff if she was going to retire when she turned 65 in November 2020. Plaintiff told Stapleton she had no plans to retire.

13. On June 18, 2020, Plaintiff was falsely accused of violating company policy by processing a credit for a customer without getting the customer's signature on a form.

14. When terminated, Plaintiff was performing her job duties satisfactorily.

15. Plaintiff was replaced by a younger female as the manager of the Maui facility.

## COUNT I

## AGE

16. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

17. The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination and termination due to age and based on retaliation for complaining of the discrimination.

18. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of the Age Discrimination in Employment Act of 1967 (ADEA).

19. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due her.

20. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of her right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

21. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among her friends and co-workers, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which she is entitled to an award of general damages.

22. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to employment with Defendant EXTRA SPACE with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, May 28, 2021.

                                    /s/ Charles H. Brower
                                  CHARLES H. BROWER
                                  MICHAEL P. HEALY
                                  Attorneys for Plaintiff
                                  Antoinette Carvalho